**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **ANTHONY HOGAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID LIEBEL, et al.,**<br><br>**Defendants.** | **CAUSE NO. 3:26-CV-1421-PPS-JEM** |

**OPINION AND ORDER**

Anthony Hogan, a prisoner without a lawyer, filed a motion to proceed in forma pauperis. Prisoner motions to proceed in forma pauperis are subject to the requirements of 28 U.S.C. § 1915(g). A prisoner may not bring a civil action or appeal in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." § 1915(g). This is commonly known as the "three strikes" provision.

"When determining whether a prisoner has acquired three strikes under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the [Prison Litigation Reform Act's] enactment." *Evans v. Ill. Dept. of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998). During his incarceration Hogan has filed at least nine civil rights lawsuits that were dismissed for failure to state a claim. *See Hogan v. Hanks, et al.*, No. TH96-C-0190 (S.D. Ind. order dated

Dec. 24, 1996); *Hogan v. Kirklend*, No. TH96-C-0161 (S.D. Ind. order dated July 2, 1996); *Hogan v. Duckworth, et al.*, No. TH95-C-0181 (S.D. Ind. order dated Aug. 24, 1995); *Hogan v. Duckworth, et al.*, No. IP93-C-1318 (S.D. Ind. order dated May 2, 1994); *Hogan v. Duckworth, et al.*, No. IP93-C-0653 (S.D. Ind. order dated May 27, 1993); *Hogan v. Duckworth*, No. IP93-C-0436 (S.D. Ind. order dated Apr. 13, 1993); *Hogan v. Aiken, et al.*, No. IP92-C-1171 (S.D. Ind. order dated Sept. 14, 1992); *Hogan, et al., v. Aiken, et al.*, No. IP92-C-861 (S.D. Ind. order dated July 20, 1992); *Hogan v. Aiken, et al.*, No. IP92-C-0746 (S.D. Ind. order dated July 20, 1992).

An inmate who has struck out "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). "Courts don't accept allegations of danger uncritically," though. *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017); *see also Taylor v. Watkins*, 623 F.3d 483, 485-86 (7th Cir. 2010) (holding courts need not "blindly accept a prisoner's allegations of imminent danger," which would allow "easy evasion of the three-strikes rule"). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Hogan alleges in his complaint that he's been denied a halal diet required by his religious beliefs. [DE 2 at 1.] Yet there are no allegations that plausibly suggest that the denial of such diet has subjected him to imminent danger of serious physical injury. Instead, Hogan acknowledges that he has been consuming non-halal diet since

2009, albeit under "concession of necessity." [DE 2 at 4–5]; *see Isby-Israel v. Lemmon*, 674 F. App'x 569, 570 (7th Cir. 2017) ("[Plaintiff's] alleged burden on his religious practice could not possibly have put him in 'imminent danger of serious physical injury, 28 U.S.C. § 1915(g), the only potential exception to his restricted filing status."). Like the Seventh Circuit held in *Isby-Israel*, Hogan's complaint does not allege imminent danger of serious physical injury. 674 F. App'x at 570.

For these reasons, the court:

(1) DENIES Anthony Hogan leave to proceed in forma pauperis;

(2) ORDERS Anthony Hogan to pay the $405.00 filing fee by **November 17, 2026**; and

(3) CAUTIONS Anthony Hogan if he does not pay the filing fee by that date, this case will be dismissed without further notice.

SO ORDERED on October 6, 2026.

s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT